IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | |
|---|---|
| *The City of Houston,*<br>    Plaintiff and Counter-Defendant,<br><br>versus<br><br>*American Traffic Solutions, Inc.,*<br>    Defendant and Counter-Plaintiff.<br><br>*Francis M. Kubosh and Randall Kubosh,*<br>    Intervenors and Counter-Defendants. | §<br>§<br>§<br>§<br>§<br>§   ACTION NO. H-10-4545<br>§<br>§<br>§<br>§<br>§ |

**Intervenors' Objection to Counter-Plaintiff ATS's Failure to Serve Notice on Attorney General Gregg Abbott about ATS' Filing of a Counterclaim to Invalidate Ordinances Nos. 2010-678 (Aug. 24, 2010) and 2010-881 (Nov. 15, 2010), Suggestion of a Lack of Jurisdiction, and Request to Stay Proceedings Pending <u>General Abbott's Intervention</u>**

TO DISTRICT JUDGE LYNN N. HUGHES:

Subject to their pending motion to intervene, Intervenors/Counter-Defendants Francis M. Kubosh and Randall Kubosh ("Intervenors") object to Counter-Plaintiff American Traffic Solutions, Inc. ("ATS")'s continuing failure to serve Texas Attorney General Gregg Abbott ("A.G.") with their counterclaim to invalidate City of Houston ("City") Ordinances Nos. 2011-678 (Aug. 24, 2010) ("Ordinance Scheduling Election") and 2010-881 (Nov. 15, 2010) ("Ordinance Amending Charter") (collectively, "Ordinances") in violation of Texas Civil Practice and Remedies Code Section 37.006(b). There is no evidence Counter-Plaintiff ATS or anyone else has ever served the A.G. with a copy of ATS' counterclaim. Without evidence of appropriate notice to the A.G. under Section 37.006(b), this Court should abate proceedings to determine if it has jurisdiction.

Intervenors bring this news to the Court to make the Court aware of serious jurisdictional and procedural problems that might arise if the Attorney General does not receive timely notice of ATS's ordinance-busting counterclaims. Intervenors want to make sure that any decision this Court makes to permit Intervenors to intervene occurs in a court that has jurisdiction to grant such relief.

Intervenors only request that the Court remember the words Roman officers gave to their generals when reporting unwelcome news: *Ne nuntium necare,* or "Please don't get mad at the messenger." The failure to notify the Attorney General was not a failure of the City or the Court or the Intervenors but of ATS.

### I.   ATS seeks to invalidate the August 24, 2010 ordinance ordering the November 2, 2010 election and the November 15, 2010 ordinance memorializing the election result as a charter amendment.

In its counterclaim, ATS seeks to invalidate two City ordinances: the Ordinance Scheduling Election and the Ordinance Amending Charter.

That ATS counterclaim contends that the November 2, 2010 election "was not valid,"[1] ATS seeks to invalidate two City ordinances: the Ordinance Scheduling Election and the Ordinance Amending Charter.

In Paragraph 11 of its Counterclaim, ATS assails City Council's August 24, 2010 decision "to call a Special Election for the purpose of determining whether the Public Safety Program would be continued or repealed" despite ATS' contention that "[t]he Public Safety Program could only be repealed by a majority vote of the City's governing

---

[1] Docket, Document 5, at 12, XV.A ("Facts"), above ¶ 7, and then at 12-16, ¶¶ 7-13.

body."[2] In short, ATS contends that the August 24, 2010 Ordinance Scheduling Election was invalid.

In Paragraph 12 of its Counterclaim, ATS avers that "[t]he submission and approval of the Petition, which sought to repeal the existing Public Safety Program, circumvented the express limitations on the power of the referendum incorporated into the City Charter…"[3]

In Paragraph 13, ATS contends that "the City proceeded to order a Special Election" and that the City's decision – a decision memorialized into law as Ordinance No. 2011-678 on August 24, 2010 – "was ordered and conducted without appropriate statutory authority."[4] In short, ATS seeks to invalidate the August 24, 2010 ordinance ordering the election as an *ultra vires* act.

In Paragraphs 23 and 24, under the heading "The U.S. and Texas Constitution [sic]," ATS argued that the City's actions violate, *inter alia*, Article I, Section 10, Clause 1 of the U.S. Constitution and Article I, Section 16 of the Texas Constitution. ATS then declared that the City "cannot adopt a law (or a disguised referendum) to maneuver a way out of the same [ATS] agreement."[5] ATS thus seeks to invalidate the November 15, 2010 Charter Amendment Ordinance as an unconstitutional act.

---

[2] *Id.*, Document 5, at 14, within ¶ 11.
[3] *Id.*, Document 5, at 15, within ¶ 12.
[4] *Id.*, Document 5, at 15-16, ¶ 13.
[5] *Id.*, Document 5, at 20-21, ¶ 24.

ATS's entire Declaratory Judgment counterclaim reflects its requests that this Court invalidate both ordinances.[6]

If ATS prevails in its counterclaim, it invalidates two of the City's ordinances. Doing so would have state-wide consequences. An ATS win would narrow the scope of Chapter 9 of the Texas Local Government Code and the way that courts interpret Article XI, Section 5 of the Texas Constitution. An ATS victory would affect every charter-amendment, referendum, and initiative election in every city in Texas, and not just in Houston. These kind of considerations merit great care in the way ATS proceeds with its election-nullification counterclaim.

Because an ATS success would affect Texas law on a state wide basis, Attorney General Abbott should participate in every phase of this case from this moment onward. Attorney General Abbott should have an opportunity to be heard, for example, about whether Intervenors should be permitted to intervene in this case.

Attorney General Abbott, with his state wide experience in overseeing elections and litigating their results, may offer valuable input about Texas election law. Attorney General Abbott may conclude that he is duty bound to oppose ATS's efforts to rewrite the Local Government Code while invalidating two ordinances and an important election.

But the most important thing we must all remember is that Attorney General Abbott has a right to learn of this case and participate. On Monday, December 13, Intervenors will therefore do what ATS has failed to do: provide Attorney General Abbott with a copy of ATS' counterclaim and this objection.

---

[6] *Id.*, Document 5, at 21-24, ¶¶ 26-32

## II. This record contains no evidence to suggest that ATS has ever provided the Attorney General with notice that ATS seeks to invalidate two City ordinances.

As attested in David A. Furlow's sworn verification, a close review of ATS' counterclaim late on Friday afternoon, December 10, 2010, led to the conclusion that the A.G. probably knew nothing of ATS's counterclaim to invalidate two City ordinances and has thus been denied an opportunity to participate in an important constitutional case.

This record contains no evidence to suggest that ATS, the City, the Court or anyone else has ever provided the Texas Attorney General with notice that ATS seeks to invalidate two City ordinances. ATS' counterclaim contains no evidence in an allegation or certificate of service that ATS ever served the A.G. with a copy of ATS's counterclaim.[7]  The City's complaint and amended complaint do not even suggest that the City has served the A.G.  Neither this Court's Docket Sheet nor its orders to date reflect the service of any notice on the AG.

Intervenors were not present at the November 26, 2010 hearing, and do not yet have a copy of its transcript, but have no reason to believe that anyone served the AG with ATS' pleadings and request for injunctive relief at that time.

Intervenors wish they had noticed the absence of ATS service on the A.G. earlier, but the blame for failing to serve the A.G. lies solely with ATS, not with the City, the Court, or Intervenors.  It did not become apparent until late yesterday because of the rush, under an extraordinarily expedited schedule, to intervene, file briefing in compliance with

---

[7] See this Court's Docket Sheet, Document 5.

this Court's December 3, 2010 briefing deadline for the parties, and respond to challenges to Intervenors' standing to intervene.

### III. Texas Civil Practice & Remedies Code § 37.006(b) requires a party challenging an ordinance's legality to serve a copy of the suit on the A.G.

A Texas statute, Civil Practice and Remedies Code Section 37.006(b), requires any party suing to invalidate a municipal ordinance to give notice of that suit to the Texas Attorney General. Prompt notice of a constitutional or legal-validity challenge enables the Attorney General to intervene, offer his office's expertise in statutory construction, and, where appropriate, defend the challenged ordinance. It reads as follows:

> § 37.006. PARTIES.
>
> (a)   * * * * * * *
>
> (b)   In any proceeding that involves the validity of a municipal ordinance or franchise, the municipality must be made a party and is entitled to be heard, and if the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state must also be served with a copy of the proceeding and is entitled to be heard.

Section 37.006(b) is similar in form and content to 28 U.S.C. Sec. 2403(b), which also requires notification to a state's attorney general of lawsuits seeking to invalidate state statutes on constitutionality grounds. It states that, "The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality."

Although a state statute, federal courts enforce Section 37.006(b) as substantive law. In *Moore v. Morales*,[8] the Fifth Circuit held that, "by statute, the State of Texas requires that, when the constitutionality of one of its laws is challenged, the attorney general of the state must also be served with a copy of the proceeding and is entitled to be heard."[9] In *Allstate Insurance Co. v. Sterling Collision Centers, LLC*, the Fifth Circuit cited it and declared that, "[u]nder the TDJA, the Attorney General is a necessary party where the validity of a statute is at issue. *See* Tex. Civ. Prac. & Rem. Code § 37.006(b)."[10]

Substantial compliance with Section 36.007(b) statute may be sufficient,[11] but appropriate notice is <u>mandatory</u>. In *Commissioners Court of Harris Cty. v. Peoples National Utility Co.,* the Fourteenth Court of Appeals warned that, "under the Declaratory Judgments Act the failure to comply with the Act is a jurisdictional requirement which may not be disregarded."[12] Referring to Section 36.007(b) as Section 11 of the previous version of the Texas Declaratory Judgment Act, it ruled as follows:

---

[8] 63 F.3d 358 (5th Cir. 1995), *rhg. denied*, 1995 U.S. App. LEXIS 27946 (5th Cir. Sept. 18, 1995), *cert. denied sub nom. Ventura v. Morales*, 516 U.S. 1115, 116 S. Ct. 917, 133 L. Ed. 2d 847 (1996). *See also Dickerson v. Bailey*, 87 F. Supp.2d 691, 693 n.1 (S.D. Tex. 2000) ("The Court is aware that when the constitutionality of a state statute is challenged in Texas, the attorney general must be given notice of the suit, though he need not actually be sued as a party."). The full text of this footnote appears in the online version of the case at 2000 U.S. Dist. LEXIS 1636.

[9] *Id.*, 63 F.3d at 360-61.

[10] 495 F.3d 151, 158 n. 11 (5th Cir. 2007), *cert. denied*, 552 U.S. 1184, 128 S. Ct. 1334, 170 L. Ed. 2d 66 (2008).

[11] *Wichita County v. Robinson*, 155 Tex. 1, 276 S.W.2d 509, 511-12 (1954).

[12] 538 S.W.2d 228 (Tex. Civ. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.).

The question of whether this section of the Declaratory Judgments Act is jurisdictional has apparently not been previously decided in Texas....We hold that the requirement in section 11 of the Uniform Declaratory Judgments Act is mandatory, and that failure to notify the Attorney General of the pendency of an action under the Act in which the constitutional validity of a statute, ordinance or franchise is challenged deprives the trial court of jurisdiction to proceed.

We think the fact that this proceeding involved the granting of a temporary injunction, rather than a trial on the merits, does not change the jurisdictional nature of this requirement. The Act requires the Attorney General to be notified "[in] *any proceeding*" under the Act in which a statute is alleged unconstitutional. The reasoning behind such a requirement is clear. The challenged statute was duly enacted by the state legislature: the State has a direct interest in the subject matter and the outcome of the case, regardless of whether the relief requested is interlocutory or permanent. *See Scott v. Graham*, 156 Tex. 97, 292 S.W.2d 324, 327 (1956).

The State's interest in this litigation is not altered by the fact that appellee has requested injunctive as well as declaratory relief. Appellee petitioned the court for a declaratory judgment and for injunctive relief based solely upon that declaration. The requested injunctive relief depends entirely upon the determination of the issues raised in the declaratory judgment action. Under these circumstances the jurisdictional requirements of the Declaratory Judgments Act may not be disregarded. *See American Federation of Labor v. Mann*, 188 S.W.2d 276, 280 (Tex. Civ. App.—Austin 1945, no writ).

There is no showing in the record that the Attorney General of Texas was served with notice of this law suit prior to the hearing on the temporary injunction. We hold, therefore, that the trial court was without jurisdiction to render its judgment. The judgment of the trial court is reversed, and the cause is remanded to the trial court with instructions that unless the Attorney General of Texas is notified of the pendency of this suit within a reasonable time, the cause is to be dismissed.[13]

Earlier this year, in *Gatesco Q.M., Ltd. v. City of Houston*,[14] the Fourteenth Court of Appeals questioned whether a judgment entered in the absence of the Attorney General

---

[13] *Id.*, 538 S.W.2d at 229.

[14] 2010 Tex. App. LEXIS 8599 (Tex. App. Houston 14th Dist. Oct. 28, 2010).

must always be vacated, as *Commissioners Court* held, but nevertheless reversed and remanded that City of Houston case to give the City's attorney an opportunity to serve the Attorney General so the Attorney General could be heard. The City Attorney received that ruling some three weeks before filing this lawsuit.

In *McPherson v. City of Lake Ransom Canyon*,[15] where a developer challenged the constitutionality of two city ordinances but failed to notify the Attorney General, the court acted without jurisdiction, resulting in a void judgment:

> Our review of the clerk's record does not indicate that the Attorney General was served as required by section 37.006(b). Moreover, by post-submission briefs requested by this Court, counsel do not suggest or cite us to any portion of the record to demonstrate substantial compliance with section 37.006(b). Thus, we conclude the trial court was without jurisdiction and as was done [by the Texas Supreme Court] in *Peoples National Utility*, 538 S.W.2d at 229, we reverse the judgment of the trial court and remand the cause with instructions that unless the Attorney General of Texas is notified of the pendency of this suit within a reasonable time, the trial court shall dismiss the cause.[16]

When state attorneys general are not given the notice of constitutional challenges similar statutes require, the resulting judgments are invalid and everyone's time is wasted.[17]

---

[15] No. 07-02-0057-CV, 2003 Tex. App. LEXIS 2534 (Tex. App.—Amarillo, March 23, 2003), *appeal after remand*, 2005 Tex. App. LEXIS 2219 (Tex. App. Amarillo Mar. 22, 2005), *rhg. denied*, 2005 Tex. App. LEXIS 3244 (Tex. App. Amarillo Apr. 25, 2005), *pet. denied*, 2005 Tex. LEXIS 610 (Tex. Aug. 26, 2005).

[16] *Id.*

[17] *McCabe v. City of Milwaukee*, 53 Wis. 2d 34, 37, 191 N.W.2d 926 (1971) ("We conclude that since the record fails to show service of a copy of the proceeding on the attorney general, the trial court did not acquire jurisdiction. We are without jurisdiction to entertain this appeal, and it must be dismissed."); *Parr v. Seattle*, 197 Wash. 53, 84 Pac. 2d 375 (1938) (same); *Cummings v. Shipp*, 156 Tenn. 595, 3 S.W.2d 1062 (1928) (same); *Jefferson Cty. Fiscal Court v. Trager*, 300 Ky. 606, 189 S. W.2d 955 (1945) (same); *Pressman v. State Tax Comm.*, 204 Md. 78, 102 Atl. 2d 821 (1954) (same); *Gadsden v. Cartee*, 279 Ala. 280, 184 So.2d 360 (1966) (same).

It appears from the foregoing that Counter-Plaintiff ATS appears violated Section 36.007(b) since November 24, 2010, when it filed its ultra vires/unconstitutionality counterclaim assaulting the validity of the two Ordinances. ATS has clearly denied the Attorney General an opportunity to be heard on an election-nullification case of profound public importance.

ATS's perhaps inadvertent violation of Texas statutory law calls into question everything that has occurred here since it filed its counterclaim. Intervenors submit that the Court should simply maintain the status quo until the Attorney General receives the statutory notice to which he is entitled. Intervenors do not ask this Court to vacate its preliminary injunction order. Intervenors view this Court's injunction as a reasonable effort to avoid subjecting any party to irreparable injury. All parties, including the Attorney General, should work cooperatively to avoid harm to anyone while the Court addresses the problems ATS's no-notice counterclaim has caused.

IV.  **Once the Attorney General is aware of ATS' counterclaim, this Court should then decide whether Texas Election Code Section 233.004(b)'s mandatory intervenor provision expressly authorizes a qualified Houston voter with Randall Kubosh's ballot-organizing background, special investments of time and money the charter-amendment process, and "No" vote on Proposition 3 to intervene as a matter of right and/or discretion in this case.**

In filing this objection to ATS's actions, Intervenors will also make the Court aware of a Texas statute that expressly authorizes Intervenor Randall Kubosh to intervene as a co-contestee with the City. The Attorney General may provide this Court with valuable insights and analysis about whether Intervenors have a statutory right to

intervene in this ballot-measure election contest under Texas Election Code Section 233.004 ("Intervention").

Intervenors' counsel first learned of this statute last night, on December 10, 2010. Given the early stage of proceedings in this case, and the rushed nature of proceedings during the past two weeks since ATS's Thanksgiving counterclaim, Intervenors' presentation of this additional authority on intervention is timely and appropriate. Intervenors provide notice of this statute to give advance notice of additional grounds for intervention they will present once notice is given to the Attorney General and the jurisdictional issues arising from ATS' litigation in violation of Section 37.006(b)'s notice requirements are resolved.

The referenced intervention statute applies to a "measure" election of the kind we have here. ATS is prosecuting an election-nullification contest through its counterclaim. It seeks to challenge the constitutionality and legality of the Proposition 3 charter amendment. It does so in a post-election context to *retroactively* nullify the November 2, 2010 election asserting that the City's certification of the Kubosh charter-amendment petition was an *ultra vires* act, while it alleges, *inter alia*, that the ordinance memorializing the election was unconstitutional.

This is what the contestee intervention statute says:

§ 233.004. INTERVENTION.

(a)  The court may permit one or more qualified voters of the territory covered by the contested election to intervene as contestants or contestees.

(b)  The court shall determine the extent to which each intervenor may participate in the contest as the ends of justice and orderly procedure

> require. ***However, the court must permit at least one intervention on the side of the contestee, if requested to do so, and must permit the intervening contestee to participate fully in the conduct of the contest.***

(Emphasis and underlining supplied). The definitions section of the Texas Election Code, at § 1.005(12), states that, "'Measure' means a question or proposal submitted in an election for an expression of the voters' will."

Based on his previously-submitted affidavits and evidence, Intervenors submit that the most appropriate "one intervention" by a qualified City voter this Court must permit under the co-contestee statute is Randall Kubosh, Intervenor.

**CONCLUSION AND REQUEST FOR RELIEF.** Intervenors/Counter-Defendants Francis and Randall Kubosh respectfully request this Court to and defer entry of any orders pending Attorney General Abbott's intervention to defend the two ordinances ATS challenges (or the Attorney General's announcement of his abstention). Intervenors also request all other relief to which they are entitled.

        Respectfully submitted,

        **BENTON MASSEY PLLC**

        By: /s/ Matthews for Levi Benton by permission
        Levi J. Benton
        Fed. I.D. No.
        Texas State Bar No. 00783638
        1001 Texas Ave., Suite 1400
        Houston, Texas 77002
        Phone: 713-223-1550
        Fax-866-400-1929
        **LBenton@BentonMassey.com**

|  |  |
|---|---|
| Of Counsel: | THOMPSON & KNIGHT LLP<br>By: /s/ David A. Furlow<br>David A. Furlow |
| **Morgan Gaskin** | Attorney in Charge |
| State Bar No. 24055534 | State Bar No. 07555586 |
| Federal I.D. No. 695462 | Federal I.D. No. 3435 |
| Matthew R. Reed | 333 Clay Street, Suite 3300 |
| State Bar No. 24046693 | Houston, Texas 77002 |
| Federal I.D. No. 565387 | Telephone: 713-653-8653 |
| Houston, Texas 77002 | Telecopier: 832-397-8253 |
| (713) 653-8643 (Morgan R. Gaskin) | david.furlow@tklaw.com |
| Morgan.Gaskin@tklaw.com | |
| (713) 951-5858 (Matthew R. Reed) | |
| Matt.Reed@tklaw.com | **ATTORNEYS FOR INTERVENORS AND COUNTER-DEFENDANTS RANDALL AND FRANCIS KUBOSH** |

### VERIFICATION OF INTERVENORS' COUNSEL DAVID A. FURLOW

I swear, subject to penalties of perjury, based on personal knowledge, that I have read the statements of fact in this Objection and that they are true, correct, and based on my personal knowledge. I did not notice that there was nothing in ATS' counterclaim or briefing, or in the Court's file, to suggest that ATS or anyone else had given Attorney General Abbott a copy of ATS' counterclaims in this case until after 5 PM on Friday, December 10, 2010. I further swear that I was unaware of the measure-election, contestee mandatory intervention statute, Texas Election Code Section 233.004, until approximately 5:15 p.m. on December 10, 2010.

I have devoted many long times and 4:00 a.m. mornings to this case since first learning, during Saturday of the Thanksgiving Day weekend, of the ATS counterclaim. I have poured time into drafting an intervention motion, numerous affidavits, evidentiary

submissions, briefing on election law, and extensive briefing on intervention. I did so to intervene as quickly as possible and to comply with the deadlines in the Court's orders

I presented this jurisdictional issue to the Court at the earliest possible time. I spent today researching the jurisdictional consequences that flow from the absence of timely and appropriate notice to the Attorney General of the ATS ordinance-invalidating counterclaim in an effort to minimize the notice issues previously described. I declare under penalty of perjury that the foregoing is true and correct. Executed in Houston at 6:00 PM on December 11, 2010.

_____
David A. Furlow

### CERTIFICATE OF SERVICE

I certify that I served a true copy of the foregoing on opposing counsel, as set forth below, by the Court's electronic filing system on this 11th day of December, 2010:

Automated Traffic Solutions, Inc.
Andy Taylor and Amanda Peterson
405 Main Street, Suite 200
Houston, Texas 77002
Via the Court's E-Filing System

City of Houston Attorney David M. Feldman
City of Houston Legal Department
900 Bagby, 3rd Floor
Houston, TX 77002
Via the Court's E-Filing System
david.feldman@houstontx.gov

I also certify that I will serve a copy of this Objection on the Offices of the Texas Attorney General on Monday, December 13, 2010.

_____
/s/ David A. Furlow