IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CITY OF HOUSTON,<br>   *Plaintiff,* | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION 4:10cv4545 |
| AMERICAN TRAFFIC SOLUTIONS, INC.<br>   *Defendant.* | §<br>§ | |

## HOUSTON'S MOTION TO CERTIFY PERMISSIVE INTERLOCUTORY APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. § 1292(b), the City of Houston moves the Court to certify for interlocutory appeal its June 17, 2011 Opinion on Summary Judgment (Dkt. No. 78; **Exhibit 1**) and Interlocutory Order (Dkt. No. 79; **Exhibit 2**) holding Section 23 of Article IX of Houston's Charter void.

*1.  Background*

In the November, 2010 election, Houston's electorate approved a Charter amendment arising from a citizen-initiated petition, disallowing the use of red light cameras. The amendment became effective on November 15, 2010, the date Council canvassed the vote. That same day, Houston filed suit asking the Court to: (1) declare that the Charter amendment voided all inconsistent ordinances, including the ordinances creating and amending the photographic traffic signal enforcement system and approving ATS' contract and the amendment thereto to operate the system; (2) declare that the Charter amendment immediately voided the ATS contract and amendment; and (3) define the parties'

continuing rights and obligations, if any, under the ATS contract and amendment.

ATS counterclaimed alleging: (1) Houston failed to comply with the contract's termination provisions; (2) the Charter amendment was unconstitutional because it impaired ATS' contract; and (3) because the Charter amendment was an untimely referendum, Houston lacked the authority to place it on the ballot. ATS asked the Court to declare that: (1) Houston lacked the statutory authority to place the amendment on the ballot because of its subject matter and/or it untimeliness, and (2) that the contract terms did not allow termination for convenience. Alternatively, ATS asked the Court to declare Houston is constitutionally prohibited from passing a law impairing ATS's contract; and to declare the public's rights and obligations to propose and vote on Charter amendments addressing public safety policy considerations.

This Court ordered both parties to file motions for partial summary judgment regarding the validity of the charter amendment.

On June 17, 2011, the Court denied Houston's motion, and granted the motion of ATS, holding that the charter amendment, Section 23 of Article IX of Houston's Charter, was an untimely referendum rather than a charter amendment and therefore void.

2.   *Permissive Interlocutory Appeal under 28 U.S.C. § 1292(b)*

Interlocutory orders of a district court, generally not subject to immediate appeal, may be appealed under the provisions of 28 U.S.C. § 1292, which provides a two-step process in which the district court must first certify its order and the appellate court must then accept the interlocutory appeal.

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for

2

> difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

> (L)itigants confronted with a particularly injurious or novel privilege ruling have several potential avenues of immediate review apart from collateral order appeal. First, a party may ask the district court to certify, and the court of appeals to accept, an interlocutory appeal involving 'a controlling question of law" the prompt resolution of which "may materially advance the ultimate termination of the litigation.' § 1292(b).

*Mohawk Industries, Inc. v. Carpenter*, ___ U.S. ___, 130 S.Ct. 599, 602, 175 L.Ed.2d 458 (2009)(quoting 28 U.S.C. § 1292(b)). "Essentially there are four statutory criteria that guide the court in deciding a § 1292(b) motion: (1) there must be a question of law; (2) it must be controlling; (3) it must be contestable; and (4) its resolution must speed up the litigation." *Fisher v. Halliburton*, 703 F.Supp.2d 639, 665 (S.D.Tex. 2010)

The first step is to ask the district court to certify the interlocutory order for permissive appeal.

> If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement. In that event, the time to petition runs from entry of the amended order.

Fed.R.App.P.5(a)(3). "There is also a nonstatutory requirement: the petition must be filed in the district court within a reasonable time after the order sought to be appealed." *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 675 -676 (7th Cir.

2000) (citing *Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir.2000)(The statute requires the petition to be filed in this court within 10 days of the district court's 1292(b) order, but there is no statutory deadline for the filing of the petition in the district court.)

The second step, petitioning the court of appeals to accept the permissive appeal, must occur within ten days after the district court has certified the order for permissive appeal. "The petition must be filed within the time specified by the statute or rule authorizing the appeal. . ." Fed.R.App.P. 5(a)(2). Which in this case would be ten days, pursuant to § 1292(b).

Houston respectfully asks this Court to either amend its order of June 17, 2011, to include the requisite language, or enter a new order with the requisite language, permitting Houston to petition the Fifth Circuit to accept an appeal of this Court's ruling on an interlocutory basis.

3.  Argument & Authorities

First, "(q)uestions of law are 'contr olling' when they 'materially affect issues remaining to be decided in the trial court.'" *American Management Systems, Inc. v. U.S.*, 57 Fed.Cl. 275, 276 -277 (2003)(citing *Pikes Peak Family Housing, LLC v. United States*, 40 Fed.Cl. 673, 686 (1998)). "A controlling question of law is an issue with a 'statutory or constitutional provision, regulation or common law doctrine.'" *Fisher*, 703 F.Supp.2d at 665 (citing *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir.2000)). "Furthermore, the question must be an 'abstract legal issue.'" *Id.* (citing *Id.* at 677). It was ATS, not Houston, who sought the Court's guidance on the validity of the charter

4

amendment; but the abstract legal issue of whether or not the charter amendment was a valid legislative exercise by the public, rather than an untimely referendum, has become dispositive and controlling. It is not presumptuous to assume this was the tacit reason the Court required briefing on this issue eighteen days after suit was filed. Dkt No. 8. As stated in its opinion, this Court has determined the charter amendment to be void and the remainder of the case flows from this seminal decision. The declarations sought by Houston in filing this suit, concerning the voiding of inconsistent ordinances and the ATS contract, as well as contract damages (if any), have now become subordinate to and contingent upon a determination of this preliminary issue.

Second, the requirement that "there must be substantial ground for difference of opinion over the controlling question of law for certification under § 1292(b)" has been "described as the least troubling [factor] for district courts." *Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, 723 (N.D.Tex. 2006). In *Ryan*, the district court found that,

> (c)onsistent with this line of thought, courts have found substantial ground for difference of opinion where:
>
> > a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

*Ryan v. Flowserve Corp.*, 444 F.Supp.2d at 723-724 (see also *Gulf Coast Facilities Management, LLC v. BG LNG Services*, LLC, 730 F.Supp.2d 552, 565 -566 (E.D. La 2010)). The issue before this Court was a novel matter of first impression in Texas.

Moreover, there are certainly grounds for difference of opinion as to the validity of the election and the charter amendment. It is also arguable that the district court opinion is in contrast to section 233.002 of the Texas Election Code and interpretive cases which hold that only a voter may challenge the validity of the election process. *See, e.g., Blum v. Lanier*, 997 S.W.2d 259, 262-63 (Tex. 1999); *Chumney v. Craig*, 805 S.W.2d 864, 866 (Tex. App. – Waco 1991, writ denied). As Houston stated in its motion for partial summary judgment and in response to ATS's motion, Chapter 9 of the Local Government Code allows charter amendments, not more frequently than every 2 years. Tex. Loc. Gov't Code §9.001, *et seq*. Simply because the charter amendment dealt with a subject that had been approved by an ordinance does not mean the exclusive means to disaffect that ordinance is the referendum process. In addition, the subject matter of the instant charter amendment has not been withdrawn from the field of direct legislation. *See, e.g., In re Bouse*, 324 S.W.3d 240, 243 (Tex. App. – Waco 2010, no pet.)

Under these circumstances it seems clear that the final prong, whether certification "may materially advance the ultimate termination of the litigation," is satisfied. "A fifth and key concern consistently underlying § 1292(b) decisions is whether permitting an interlocutory appeal will 'speed up the litigation.'" *Ryan*, 444 F.Supp.2d at 723. "The institutional efficiency of the federal court system is among the chief concerns motivating § 1292(b) . . . .Stated another way, § 1292(b) is designed to minimize burdens 'by accelerating or ... simplifying trial court proceedings.'" *Id.* Without question, the determination of the validity of the election and whether or not ATS can challenge the election result, has become a threshold issue in this litigation. All other issues now flow

6

from this determination. In light of the Court's opinion, ATS urges Houston to immediately turn the cameras back on. **Exhibit 3.**

Allowing the appellate courts to affirm or reverse the decision at this juncture is critical to determining the remaining contractual issues. Moreover, based on the district court's opinion, Houston must turn the red-light cameras on – until or unless the decision is reversed.

If permissive appeal is granted, Houston asks the Court to stay all further proceedings in this suit pending consideration of the interlocutory appeal by the Fifth Circuit.

For the reasons stated herein, Houston respectfully requests that this motion be in all things granted.

Respectfully submitted,

By: _____
DAVID M. FELDMAN
City Attorney
State of Texas Bar No. 06886700
Fed. I.D. # 2994
LYNETTE K. FONS
First Assistant City Attorney for Litigation
State of Texas Bar No. 13268100
Fed. I.D. # 10562
Bertrand L. Pourteau, II
Sr. Assistant City Attorney
State of Texas Bar No. 16190300
Fed. I.D # 6553
Hope E. Hammill-Reh
Sr. Assistant City Attorney
State of Texas Bar No. 08857650
Fed. I.D # 12323
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002

(832) 393-6463
(832) 393-6259 (Fax)
E-mail: hope.hammill-reh@houstontx.gov
*Attorneys for Plaintiff the City of Houston*

## Certificate of Conference

I hereby certify, pursuant to Local Rule 7.1D, that I have made a good faith effort to contact Defendant's attorney, Andy Taylor, and that Defendant is opposed to this motion.

_____
Hope E. Hammill-Reh
Senior Assistant City Attorney

## Certificate of Service

I hereby certify that on July 6, 2011, a true and correct copy of the foregoing document has been delivered to the parties / counsel listed below by The Notice of Electronic Filing in accordance with FED.R.CIV.P. 5(b)(3) and Rule 9A of the Southern District's January 1, 2007 Administrative Procedures for Electronic Filing in Civil and Criminal Cases:

Mr. Andy Taylor
Ms. Amanda Peterson
ANDY TAYLOR & ASSOCIATES, P.C.
405 Main Street, Suite 200
Houston, Texas 77002
Telephone: 713.222.1817   Facsimile: 713.222.1855
e-mail: ataylor@andytaylorlaw.com
*Attorneys for American Traffic Solutions, Inc.*

Mr. Roger E. Gordon
THE LAW OFFICE OF ROGER GORDON
901 S. Mopac Expressway
Building One, Suite 300
Austin, Texas 78746
Telephone: 512.636.2540   Facsimile: 512.692.2533
e-mail: roger@rogergordonlaw.com
*Attorneys for American Traffic Solutions, Inc.*

Hope E. Hammill-Reh
Senior Assistant City Attorney