UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| *The City of Houston,* § | |
|     Plaintiff and Counter-Defendant, § | |
| § | |
| versus § | |
| § | |
| *American Traffic Solutions, Inc.,* § | ACTION NO. H-10-4545 |
|     Defendant and Counter-Plaintiff. § | |
| § | |
| *Francis M. Kubosh and Randall Kubosh,* § | |
|     Intervenors/*Amici*/Counter-Defendants. § | |

## INTERVENORS/*AMICI CURIAE*/COUNTER-DEFENDANTS FRANCIS AND RANDALL KUBOSH'S SUPPLEMENT IN RESPONSE TO COURT'S OPINION INVITING CONTRACTUAL ARGUMENTS FROM THE CITY OF HOUSTON

**TO U.S. DISTRICT JUDGE LYNN N. HUGHES:**

Intervenors/*Amici*/Counter-Defendants Francis M. Kubosh and Randall Kubosh (collectively, "Kubosh") file this *Amici Curiae* Supplement in Response to the Court's Opinion (at Docket # 78), where the Court invited contractual arguments from the City of Houston as an alternative to an appeal of this Court's June 17, 2011 Interlocutory Order and Memorandum Opinion (collectively, "Summary Judgment").

### INTRODUCTION

1. In the Summary Judgment, the Court invited the City to raise additional contractual defenses to ATS' counterclaim. The "next phase of this case is to address whether the city will choose to withdraw its termination or to supply the court with clauses in the contract that otherwise allow it to be canceled," the Court announced. Opinion at 6. Kubosh files this *amici curiae* supplement to their previous briefing to

make the argument the City would have made if it was zealously defending the Proposition 3 election, namely, that the ATS/City Red Light Camera contract (the "Contract") is unenforceable against the city because the Contract violates Texas Transportation Code §707.003(b).  The Kubosh *Amici* now present an argument that the City has never made: namely, that the City's and ATS' amendment and restatement of the Contract in 2009 makes the Contract unenforceable as a matter of Texas statutory law.  A ruling that the ATS/City contract is void will enable the City to cease operating its Red Light Camera system without incurring contractual liability to ATS.

## THE ATS/CITY RED LIGHT CAMERA CONTRACT

2. The City and ATS originally entered into their Contract on May 31, 2006, effective on June 28, 2006.  The Legislature enacted a new statute authorizing cities to pass Red Light Camera ordinances, Texas Transportation Code § 707.003, which became effective on September 1, 2007.  The Kubosh *Amici* request this Court to take judicial notice of the Contract and its amendments in the parties' filings – including Exhibit B-1 to the City's First Amended Complaint, at 23, Section VI.D., Docket # 4-2, page 31 – pursuant to Federal Rule of Evidence 201(d).

3. The City and ATS entered into a contractual novation styled the First Amendment to the Contract on May 27, 2009 (the "Novation").  The Kubosh *Amici* ask this Court to take judicial notice of ATS' argument regarding the Novation in (1) ATS' Motion for Summary Judgment, Docket 37 ("MSJ"), at 5-7, and in (2) ATS Vice-President George Hittner's affidavit attached as Exhibit A to ATS' MSJ.

4. Paragraph Three of the Novation, titled "Entire Agreement," states that the First Amendment and the Agreement "should be read together and construed as one agreement provided that, in the event of any conflict or inconsistency between the provisions of this First Amendment and the provisions of the Agreement, the provisions of this First Amendment shall control."

5. Paragraph 3 of the First Amendment also states that, "[a]ll other terms and conditions of the Agreement, except as amended in this First Amendment [the Novation], shall continue in full force and effect."

6. The City and ATS entered into the Contract twice. First by entering into a contract on May 31, 2006, effective on June 28, 2006. And again on May 27, 2009, with revisions under the Novation. Between the two, the Novation incorporates the terms and provisions of the 2006 Contract by reference.

7. The Contract provides that "[a]ll fees due to Contractor under this Agreement shall only be paid from Collection Revenue." *See* ATS Contract at 19, art. IV.A. "Collection Revenue" is defined to mean "revenue collected solely from the issuance of Citations, less court fees and returned check fees, as defined by City policy." *See* ATS Contract at 5, art. II.

8. Under Exhibit G to the Contract, titled Payments to Contractor and Service Level Performance Standards, section 2.1.2, the City and ATS agreed that ATS is to be paid a monthly "per citation fee." *See* ATS Contract, Ex. G., at 1, § 2.1.2.

9. In particular, the Contract states, "the City shall pay Contractor a Citation fee amount for each Citation issued." *See* ATS Contract, Ex. G., at 1, § 2.1.2. "This fee

is dependent upon the number of Citations issued each month as identified in Section 10, Item 2(b), Contractor's Fees, below." *See* ATS Contract, Ex. G., at 1, § 2.1.2.

10. The fee schedule in Exhibit G reflects an agreement between the City and ATS that the fewer the number of citations the City and ATS issued, the greater the per-citation fee, and the greater the number of citations issued, the less the per-citation fee.

11. "This Agreement is *subject to* the laws of the State of Texas, the City Charter and Ordinances, the laws of the federal government of the United States, and all rules and regulations of any regulatory body or officer having jurisdiction." *See* ATS Contract at 23, art. VI.D (emphasis supplied).

## ARGUMENT & AUTHORITIES

12. Under Texas law, contractual terms must be given their plain, ordinary, and generally accepted meaning, unless the instrument requires otherwise.[1] Courts must construe a contract to understand, harmonize, and effectuate all of its provisions.[2]

13. A court may not change the contract because the court or one of the parties comes to dislike its provisions or thinks that something else is needed.[3] Documents incorporated into a contract by reference become part of that contract,[4] and the two documents must be read together.[5]

---

[1] *Natural Gas Clearinghouse v. Midgard Energy Co.*, 113 S.W.3d 400, 407 (Tex. App.—Amarillo 2003, pet denied).

[2] *Id.*

[3] *Id.*

[4] *In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010) (orig. proceeding).

[5] *In re C&H News Co.*, 133 S.W.3d 642, 645-46 (Tex. App.—Corpus Christi 2003, orig. proceeding).

14. For terms in a separate writing to be incorporated by reference, an integration clause is not required as long as the signed document plainly refers to the other writing.[6]

15. The Novation is a contract between the City and ATS, executed in 2009, which incorporates by reference the provisions of the 2006 Contract.

16. Thus, the provisions of the 2006 Contract are part of the 2009 First Amendment and they must be read together as one agreement. It is clear that the parties intended for the 2009 First Amendment to be the effective agreement between the City and ATS because the Novation controls the relationship between ATS and the City if there is any inconsistency or conflict between the two documents.

17. Further, the Contract is "subject to" the laws of the State of Texas. "Subject to" means "subordinate to," "subservient to" or "limited by."[7] Case law consistent with this clause provides that persons "contracting with the governmental unit are charged by law with notice of the limits of their authority and are bound at their peril to ascertain if the contemplated contract is properly authorized."[8] ATS thus agreed, from the outset of its contractual relationship with the City, to be bound by the City's Charter and Texas law, without reservation. If the City's Charter or the Texas Transportation Code changed in the future, so, too, would ATS's contractual rights and duties.

---

[6] *Castroville Airport, Inc. v. City of Castroville*, 974 S.W.2d 207, 211 (Tex. App.—San Antonio 1998, no pet.).

[7] *See Cochrell v. Texas Gulf Sulphur Co.*, 299 S.W.2d 672, 676 (Tex. 1957).

[8] *City of Bonham v. Southwest Sanitation, Inc.*, 871 S.W.2d 765, 767 (Tex. App.—Texarkana 1994, writ denied).

18.     ATS cannot complain of a charter amendment it agreed to in advance.  A party who signs such an agreement to be bound by state, federal and municipal law, including a city's charter, agrees to be bound by all of that city's future charter amendments.  In *Energy Reserves Group v. Kansas Power & Light*,[9] the Court noted that, "the contracts [at issue] expressly recognize the existence of extensive regulation by providing that any contractual terms are subject to relevant present and future state and federal law.  This latter provision could be interpreted to incorporate all future state price regulation, and thus dispose of the Contract Clause claim…"[10]

19.     Thus, when the City of Houston and ATS amended their Contract in 2009, they agreed that their Novation, as a contract, would be subordinate to, subservient to, or limited by, the laws of the State of Texas.

20.     Texas Transportation Code § 707.003(b), which was codified into the laws of the State of Texas before the 2009 Novation, expressly prohibits the City from agreeing to pay a red-light camera contractor a specified percentage of, or dollar amount from, each civil penalty collected.[11]  But that is exactly what the City did when it entered into the Novation, a contract. Under the Contract, ATS earns a fee based on the number of civil penalties collected.  ATS can only be paid out of Collection Revenue, and ATS earns a fee for each Citation issued.  The rate of the fee varies depending on the number of citations issued in a given month.

---

[9] 459 U.S. 400, 103 S. Ct. 697, 74 L. Ed. 2d 569 (1983).

[10] *Id.*, 459 U.S. at 416, 103 S. Ct. at 707, footnote omitted; *Interstate Marina Development Co. v. Cty. of Los Angeles,* 155 Cal. App. 3d 435, 448, 202 Cal. Rptr. 377 (1984) (a general lease provision making lessees subject at all times to ordinances of the county "arguably" authorizes adoption by county of rent control law subsequent to entry into lease agreement as simple matter of contract interpretation).

21. Therefore, the City/ATS Contract, as amended and restated, clearly violates Texas Transportation Code § 707.003(b).

22. This Court should therefore rule that the City/ATS Contract is unenforceable against the City, thus permitting the City to end its operation of the Red Light Cameras that the City's electorate rejected in the November 2010 Proposition 3 election.

**CONCLUSION.** Francis and Randall Kubosh respectfully request that the Court hold that the City/ATS contract is unenforceable, and cannot support the Mayor's decision, announced yesterday, to turn the ATS/City cameras back on, because the City's and ATS' amendment of their contract made it void and unenforceable under Texas law.

Date: July 7, 2011

Respectfully submitted,

**BENTON MASSEY PLLC**

By: */s/ Levi J. Benton*
Levi J. Benton
Texas State Bar No. 00783638
1001 Texas Ave., Suite 1400
Houston, Texas 77002
713-223-1550
866-400-1929 Fax
LBenton@BentonMassey.com

---

[11] Tex. Transp. Code § 707.003 (Vernon 2007).

502417 000011 HOUSTON 743193.1

-7-

|                              | **THOMPSON & KNIGHT LLP**        |
|---|---|
| Of Counsel:                  |                                   |
|                              | By:   */s/ David A. Furlow*       |
| Matthew R. Reed              | David A. Furlow                   |
| State Bar No. 24046693       | **Attorney in Charge**            |
| Federal I.D. No. 565387      | State Bar No. 07555586            |
| Thompson & Knight LLP        | Federal I.D. No. 3435             |
| 333 Clay Street, Suite 3300  | 333 Clay Street, Suite 3300       |
| Houston, Texas 77002         | Houston, Texas 77002              |
| 713-951-5858                 | 713-653-8653                      |
| 713-654-1871 Fax             | 832-397-8253 Fax                  |
| matthew.reed@tklaw.com       | david.furlow@tklaw.com            |

**ATTORNEYS FOR INTERVENORS AND COUNTER-DEFENDANTS RANDALL AND FRANCIS KUBOSH**

## CERTIFICATE OF SERVICE

I certify that I served a true copy of the foregoing on opposing counsel, as set forth below, by the Court's electronic filing system on this 7th day of July, 2011.

Automated Traffic Solutions, Inc.
Andy Taylor and Amanda Peterson
405 Main Street, Suite 200
Houston, Texas 77002
Via the Court's E-Filing System

City of Houston Attorney David M. Feldman
City of Houston Legal Department
900 Bagby, 3rd Floor
Houston, TX 77002
Via the Court's E-Filing System
david.feldman@houstontx.gov

*/s/ David A. Furlow*
David A. Furlow