

Case 4:10-cv-04545
R D
to:
lnh
07/09/2011 09:01 AM
Show Details

Judge Hughes' conduct in stepping into a state election matter and overruling the voters is an outrage in itself, but doing so in violation of the Cases or Controversies Clause is gross misconduct. The camera opponents had a fair election and were outspent 10:1 by the city and camera vendor. The people still won, fair and square. If voters can't hold a fair election to change public policy, the only option left is the kind of violence seen in Britain. UK cameras are routinely set on fire because they have no initiatives or peaceful alternative to change policy. Now Houston doesn't, either.

This editorial says it all:

http://www.washingtontimes.com/news/2011/jul/8/judicial-cash-grab/
EDITORIAL: Judicial cash grab
Bureaucrats cancel elections to keep red-light camera loot
The Washington Times

Red-light cameras are a danger to road safety and destructive to the legal system's presumption of innocence. Add to this list a new complaint: They are destructive of democracy itself.

On Wednesday, Houston Mayor Annise Parker announced the reactivation of the same red-light cameras rejected by a majority of voters on Nov. 2. Ms. Parker was able to ignore the 343,471 voters who cast ballots that day because her city attorney and her photo-ticketing contractor conspired with a federal judge to have the election erased. "So, the essence of the popular revolt was people in Houston want to run red lights," U.S. District Judge Lynn N. Hughes said in a meeting with the camera supporters.

Judge Hughes filed his June 17 nullification order citing a passage in Edward Josiah Stearns' 1853 book "Notes on Uncle Tom's Cabin" as legal authority, claiming the charter amendment adopted by the people was actually a referendum for which the time limit had expired. In coming up with this "technicality," Judge Hughes missed the broader problem that he had a constitutional duty only to decide "controversies" between parties with a real disagreement. Judge Hughes refused to let the initiative's sponsors defend their vote.

Municipal officials adopted similarly dirty tactics in Washington state to block pesky citizens from interfering with their lucrative photo-enforcement schemes. In Wenatchee, the camera company got a county judge to block petition collection efforts. In Monroe, the signatures were gathered successfully, but the city council voted to sue to keep the measure off the upcoming ballot. In Longview, the council filed a lawsuit to stop the initiative, but it backed off after the measure's sponsors countersued under a state law forbidding the use of the courts to block public participation. "We're really putting the spotlight on their operation and stripping away the safety veneer," initiative co-sponsor Tim Eyman told The Washington Times. "It's all about raking in the bucks." The Longview countersuit will have a hearing on Monday.

Mr. Eyman pointed out that officials in the liberal city of Bellingham are doing things the right way, with the mayor calling on the camera contractor not to interfere with the election. To do otherwise undermines the fabric of society. In a democracy, the results of a fair election contest must stand, regardless of what an unelected, unaccountable judge thinks. The 5th U.S. Circuit Court of Appeals needs to reverse the dangerous precedent set by Judge Hughes.