IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CITY OF HOUSTON, <br> Plaintiff, | § <br> § <br> § | |
| V. | § <br> § | CIVIL ACTION 4:10cv4545 |
| AMERICAN TRAFFIC SOLUTIONS, INC. <br> Defendant. | § <br> § <br> § | |

## HOUSTON'S (OPPOSED) MOTION TO MODIFY THE COURT'S NOVEMBER 26, 2010 MANAGEMENT ORDER AND TO COMPEL REMOVAL OF RED-LIGHT CAMERAS

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rules 16 and 65 of the Federal Rules of Civil Procedure, and, due to changed circumstances, the City of Houston [Houston] moves the Court to modify item 2 of its November 26, 2010, Management Order (Dkt. No. 8; **Exhibit 1**), which states "(t)he cameras will not be removed during the pendency of the litigation" for good cause shown herein and to issue an order requiring American Traffic Solutions, Inc. [ATS] to immediately remove its red-light cameras.

1. *Background*

On November 15, 2010, Houston's City Council canvassed the vote of Houston's electorate, which had approved a City Charter amendment disallowing the use of red light cameras. Later that same day, Houston filed suit asking the Court, among other things, to declare void all ordinances inconsistent with the Charter amendment, including the ordinance, which created the photographic traffic signal enforcement system and the ordinance which approved ATS's contract and the amendment for operation of the system.

1

Houston also sent a letter to ATS for the purpose of terminating the contract. **Exhibit 3.**

On November 24, 2010, ATS counterclaimed alleging among other things, that the Charter amendment (also known as Proposition 3) was unconstitutional as an untimely referendum. In response to ATS's request that the Court "order the City to immediately resume its obligations under the Agreement" (Dkt. 5, pg 25), this Court held an emergency hearing on November 26, 2010, but declined ATS's suggestion to issue "an order telling [Houston] not to . . .terminate our contract." **Exhibit 2**, pg 21. ATS expressed concern that under its agreement with the City, it was obligated to tear all of the equipment out within 45 days of the termination. **Exhibit 2**, pg 8. When asked by the Court whether the City would commit to "suspend the time and the obligation to remove the cameras until we figure out what we are going to do?" (**Exhibit 2**, pg 8), City Attorney, David Feldman responded in the affirmative. **Exhibit 2**, pg 8.

Much has changed since that hearing. First, on June 17, 2011, the Court ruled that Proposition 3 was an untimely referendum and did not amend Houston's Charter to prohibit the red light camera system. (Dkts 78 & 79). Second, on August 22, 2011, in response to ATS's assertion that Houston's November 15, 2010 letter (**Exhibit 3**) terminating ATS's contract, had been ineffective, Houston reiterated its termination of the contract, with the exception of collection activities. **Exhibit 4.** Third, on August 24, 2011, Houston adopted a resolution (Res. No. 2011-25), turning off the red light cameras effective with the passage and approval of the Resolution. **Exhibit 5**, pg 2. Fourth, on the same day, Houston responded to the express will of its voters by adopting Ordinance No. 2011-748 (**Exhibit 6**) repealing, with the exception of certain previously issued violations, Article XIX (entitled

2

Photographic Traffic Signal Enforcement Systems) of Chapter 45 (entitled Traffic) of Houston's Code of Ordinances, which had originally authorized the photographic traffic signal enforcement system in the first place. Ordinance No. 2011-748 unequivocally states,

> All devices, equipment, cameras, software, and related apparatus known as 'red light cameras' shall be removed as soon as permitted by law from all city rights of ways, traffic signals, posts, and poles.

**Exhibit 6**, pg 2. Pursuant to Rules 201 and 1005 of the Federal Rules of Evidence, Houston asks the Court to take judicial notice of the existence and contents of Houston's Ordinance No. 2011-748 and Resolution No. 2011-25. Lastly, Houston has removed all Two Hundred and Thirty-one (231) of its traffic signs located in its right-of-ways warning motorists that an intersection is monitored by a camera[1].

2. *Argument and Authorities*

    A. *The Management Order should be amended to delete item number 2.*

Rule 16 of the Federal Rules of Civil Procedure provides for scheduling and management orders to be entered by the court and that such orders can be modified for good cause shown. FED.R.CIV.P. 16. Good cause exists for the modification of the Management Order due to changed circumstances pertinent to the subject matter addressed in the order. The requirement that the cameras remain in place is akin to a preliminary injunction as it maintains the status quo. "(T)he order served only to maintain the status quo and did not pertain to the merits of Miles's suit." *Miles v. Sunbelt Nat. Bank,*

---

[1] Houston understands there may also be signs located on poles belonging to the State of Texas' Department of Transportation [TXDOT]. To the extent such signs exist, Houston lacks the authority to remove them because they are on TXDOT property. Houston has asked TXDOT to remove those signs.

\_\_\_ Fed. Appx. \_\_\_, 33 F.3d 1378, 1994 WL 486932, *3 (5th Cir. 1994) (citing *Siebert v. Great N. Dev. Co.*, 494 F.2d 510, 511 (5th Cir.1974).

At the November 26, 2010 hearing, ATS did not prove it was entitled to extraordinary relief. "A preliminary injunction is an extraordinary equitable remedy, and as such it is not granted lightly." *Hinojosa v. City of Kingsville, Texas*, 266 F.Supp.2d 562, 564 (S.D.Tex. 2003)(citing *Evergreen Presbyterian Ministries, Inc. v. Hood*, 235 F.3d 908, 917 (5th Cir.2000)).

At the start of this litigation, when this Court asked if Houston opposed the red-light cameras remaining in place, circumstances were very different. Since issuance of the Court's order, Houston's City Council has passed an ordinance mandating that the cameras be removed as soon as permitted by law. Houston no longer agrees to the cameras remaining in place. As a consequence, Houston asserts that ATS must - but can no longer (assuming for argument only that they ever could have) - meet the requirements for the issuance of a temporary injunction.

In the year after the November 26, 2010 hearing, Houston's City Council forever ended the red light camera program by lawfully revoking the Ordinances authorizing their use and resolving not only to turn the cameras off but have them removed. "Cities can express and bind themselves only by way of a duly assembled meeting." *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003) (citing *Cent. Power & Light Co. v. City of San Juan*, 962 S.W.2d 602, 612 (Tex.App.-Corpus Christi 1998, pet. dism'd w.o.j.). "(C)ities may 'delegate to others the right to perform acts and duties necessary to the transaction of the city's business, but can do so only by resolution or

4

ordinance, by a majority vote.'" *Id.*

On August 24, 2011, Houston acted by passing Resolution No. 2011-25, requiring the cameras to be turned off and removed. **Exhibit 5**, pg 2.

Later that same day (August 24, 2011), Houston further acted by passing Ordinance No. 2011-748, which revoked its implementation of the red light camera system (as set forth in Houston's Code of Ordinances, Article XIX of Chapter 45), with the exception of continuing to collect for past violations. **Exhibit 6**, pg 2.

Houston cannot make its intent more clear. Red light cameras are not to be turned back on. There is no disagreement that ATS's cameras have not been operational for months. The status quo has changed and Houston asks the Court to modify the Management Order to reflect this change, thus allowing Houston to implement Ordinance No. 2011-748 and Resolution No. 2011-25, objectives thwarted by the Court's Management Order.

    B.    *Houston asks the Court to order removal all red-light cameras.*

Houston asks the Court for a mandatory preliminary injunction requiring ATS to remove their red-light cameras. In so doing, Houston does not waive arguments made in its August 24, 2011, motion to dismiss. Dkt. 125. In its motion, which is still before the Court, Houston points out that enforcement of traffic regulations is part of "police protection" and a governmental function. TEX.CIV.PRAC. & REM. CODE § 101.0215(a)(1). For the reasons stated in its motion, Houston maintains that this Court lacks jurisdiction. To the extent the Court may disagree and without waiving the arguments in that motion (or immunity from suit), based on the change in Houston's laws, Houston moves the Court to

compel ATS to remove its cameras from Houston's property.

Mandatory preliminary injunctions are not lightly granted. "The 'preliminary injunction is an extraordinary remedy that should not be granted unless the party seeking it has 'clearly carried the burden of persuasion.'' " *Ensco Offshore Co. v. Salazar*, 781 F.Supp.2d 332, 335 (E.D.La. 2011) (citing *Bluefield Water Ass'n v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir.2009) (quoting *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir.2003)); *PCI Transport., Inc. v. Ft. Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir.2005). A preliminary injunction can be issued only after showing:

> (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest.

*Ensco Offshore*, 781 F.Supp.2d at 335 (citing *Ridgely v. FEMA*, 512 F.3d 727, 734 (5th Cir.2008)). "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.' " *Id.* (citing *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531, 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987))). " 'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.' " *Id.* (*Winter*, 129 S.Ct. at 376–77 (quoting *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 312, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982))); *see also, Petrello v. Nath*, 350 Fed.Appx. 887, 890-891, 2009 WL 3416230, *3 (5th Cir. 2009).

The facts show Houston is entitled to injunctive relief. First, the evidence shows there *is substantial likelihood Houston will prevail on the merits* because Houston has

terminated the Contract for convenience and has, pursuant to Section VE of the Contract, asked ATS to remove all Equipment - including the red-light cameras - from Houston's property (with the exception of Equipment necessary to continue collection services, including the processing of payments). Despite acknowledging at the November 26, 2010 hearing that the Contract required their removal, ATS has refused to remove their cameras from Houston's property.

Second, there exists *a substantial threat of irreparable injury* because Houston is prevented from enforcing its own legislative enactments. "The enactment by a municipal corporation of an ordinance is a legislative function." *City of Grand Prairie v. Turner*, 515 S.W.2d 19, 25 (Tex.Civ.App.-Dallas 1974, writ ref'd n.r.e.).

Third, *the threatened injury outweighs any harm.* Houston terminated the Contract and mandated the removal of the red-light cameras as part of its governmental function of providing for public safety. ATS merely seeks to enforce a contract and recover damages for an alleged breach of contract. Even if ATS prevails in its argument that the Charter amendment was invalid, the cameras will not be re-activated – because Houston's Council has repealed the Ordinance authorizing the red-light camera system. As a result, ATS will not use these cameras again in Houston, so requiring ATS to remove the cameras harms no one.

ATS admits Houston's City Council had the authority to revoke the red light camera program. Indeed, ATS has plead that legislation regarding "issues of public safety," "such as the operation of automated traffic enforcement systems" are "exclusively reserved to the City Council." Dkt 5; American Traffic Solutions, Inc's Original Answer to City of Houston's First Amended Complaint and Counterclaim, pg 25 no 37). Fourth, requiring

ATS to remove its red-light cameras will *not disserve the public interest*, but, in fact, will further it.

3.   *Conclusion and request for relief.*

For the reasons stated herein, Houston respectfully requests that this Court modify item 2 as contained in its Management Order dated November 26, 2011, or order ATS to immediately remove the red-light cameras, or both.

                Respectfully submitted,

By: _/s/ David M. Feldman_
DAVID M. FELDMAN
City Attorney
State of Texas Bar No. 06886700
Fed. I.D. # 2994
LYNETTE K. FONS
First Assistant City Attorney for Litigation
State of Texas Bar No. 13268100
Fed. I.D. # 10562
Bertrand L. Pourteau, II
Sr. Assistant City Attorney
State of Texas Bar No. 16190300
Fed. I.D # 6553
Hope E. Hammill-Reh
Sr. Assistant City Attorney
State of Texas Bar No. 08857650
Fed. I.D # 12323
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
(832) 393-6463
(832) 393-6259 (Fax)
E-mail: hope.hammill-reh@houstontx.gov
*Attorneys for Plaintiff the City of Houston*

## Certificate of Conference

I hereby certify, pursuant to Local Rule 7.1D, that a good faith effort to confer with Defendant's attorney, Andy Taylor, was made and that Defendant is opposed to this motion.

David M. Feldman
City Attorney

## Certificate of Service

I hereby certify that on January 6, 2012, a true and correct copy of the foregoing document has been delivered to the parties / counsel listed below by The Notice of Electronic Filing in accordance with FED.R.CIV.P. 5(b)(3) and Rule 9A of the Southern District's January 1, 2007 Administrative Procedures for Electronic Filing in Civil and Criminal Cases:

Mr. Andy Taylor
Ms. Amanda Peterson
ANDY TAYLOR & ASSOCIATES, P.C.
405 Main Street, Suite 200
Houston, Texas 77002
Telephone: 713.222.1817  Facsimile: 713.222.1855
e-mail: ataylor@andytaylorlaw.com
*Attorneys for American Traffic Solutions, Inc.*

Mr. Roger E. Gordon
THE LAW OFFICE OF ROGER GORDON
901 S. Mopac Expressway
Building One, Suite 300
Austin, Texas 78746
Telephone: 512.636.2540  Facsimile: 512.692.2533
e-mail: roger@rogergordonlaw.com
*Attorneys for American Traffic Solutions, Inc.*

David M. Feldman
City Attorney