UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| City of Houston, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-10-4545 |
| | § | |
| American Traffic Solutions, Inc., | § | |
| | § | |
| Defendant. | § | |

## Opinion on Final Dismissal

The city of Houston adopted an ordinance to use cameras for enforcing compliance with traffic signals. It hired American Traffic Solutions, Inc., to operate the cameras, bill, and collect the violations. A few years later, the city held an election on a citizens' petition to amend its charter to disallow the use of red-light cameras. It passed.

Traffic sued to void the amendment because it did not follow the local and state procedures. The city defended the amendment and sued to avoid its contract with Traffic. After a ruling that the amendment was not binding, the city reinstated their use briefly and then repealed the ordinance that had allowed the red-light cameras.

Francis Kubosh and Randall Kubosh had worked to put the amendment on the ballot. They said that the city would not adequately defend it. They were allowed to intervene just as the city and Traffic agreed to settle their claims between themselves. The city agreed to compensate Traffic for its interest in the contract, and Traffic agreed to abandon its efforts to void the Kubosh-inspired amendment. Their settlement ended their dispute.

Now, with the settlement approved, the Kuboshes insist on pursuing their action to validate the charter amendment. A court may only hear and decide something when a party presents it with a legally recognized claim that is genuine and direct. This concept is embodied

in the Constitution's requirement that the court be faced with a "case" or "controversy."[1] The Kuboshes were allowed to be parties aligned with the city to defend the amendment. With Traffic's attack on the amendment abandoned, the city does not need to defend it, and the Kuboshes' work is not threatened. No harm recognized at law threatens the charter amendment. There is nothing for them or the city to defend.

The Kuboshes do not have a legally recognized basis for continuing their defense of the charter amendment. The preservation of the amendment was the only basis for their intervention. When the city and Traffic settled – leaving the amendment fully effective – the Kuboshes were left with nothing to do for there is no controversy. Their role and their claims for the amendment are gone – moot.

The Kuboshes have brought no independent claim in their petition for intervention; they have, however, raised secondary effects of the court record in the case as it may be used by other people in other cities in Texas and other states. That is beyond their role as defenders of the propriety of their amendment to Houston's charter. Their only claim was as surrogate counter-defendants on the sole issue of the legality of the process of amending the charter on this one occasion in Houston.

Francis Kubosh and Randall Kubosh have no claim against American Traffic Solutions, Inc., that survived the settlement between the principal parties. Their claim is dismissed with prejudice as moot.

Signed on March 16, 2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1] U.S. Const. art 3.